IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID COLETTA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RICHARD SUBERS and NETHER | : | |
| PROVIDENCE TOWNSHIP | : | NO. 13-CV-5468 |

## **MEMORANDUM**

Ditter, J.                                                                                                            June 15, 2015

Plaintiff, David Coletta, has filed this action alleging violations of his civil rights by Nether Providence Township and Richard Subers, a Nether Providence Township police officer. Defendants filed a motion to dismiss counts one and four of the complaint, and in response, Coletta filed an amended complaint. In the amended complaint, Coletta raises claims of unlawful seizure (Count I), excessive force (Count II), and assault and battery (Count III) against Officer Subers, and false arrest (Count IV) against Officer Subers and Nether Providence Township. Defendants filed a motion to dismiss Count I and Count IV of the amended complaint and Coletta has responded. For the reasons that follow, the motion will be granted in part, and denied in part.

    1. Factual Allegations

On September 19, 2011, Officer Subers and a back-up officer were dispatched to Coletta's home, after it was reported that a man was shooting a gun in the backyard. *Am. Compl.* at 10. Coletta's property is adjacent to the Strath Haven Middle School and

across the street from Strath Haven High School. Coletta's son, Daniel Presnell, had been shooting a BB gun in the backyard. *Id.* at *Ex. F* p. 30. Coletta asserts that Subers and the backup officer arrived at his residence and Subers approached the house with his gun drawn and pointed the weapon at him through a glass "window/door." *Id.* at 17. Coletta opened the door and questioned Subers as to his presence. *Id.* at 18. Officer Subers saw a gun with a scope on the kitchen table. *Id*. at *Ex. H*. Officer Subers asked Coletta if there was a gun in the house. *Id*. at 18. Coletta replied yes and offered to get the gun. *Id*. The back up officer reported to Officer Subers that Mr. Presnell had been firing a BB gun in the back yard. *Id.* at *Ex. F* p. 59. Subers then seized Coletta, pulled his hands behind his back, and handcuffed him. *Id*. at 19. Coletta asserts that Subers then threw him against the wall. *Id*. Subers applied the handcuffs so tightly that Coletta's hands began to swell and turn purple. *Id.* at 20. Coletta remained handcuffed for thirty minutes when Police Chief Flannery arrived and ordered the handcuffs removed. *Id.* at 21. Because the handcuffs had been applied so tightly, the officers were unable to remove them and called the fire department to cut off the cuffs. *Id*. at 22. While waiting for the fire department to arrive, the police were able to remove the handcuffs. *Id*. at 23. Coletta was treated at the Riddle Hospital Emergency Room for bruising and wrist sprain. *Id*. at 24.

Coletta was cited for disorderly conduct and violation of a local ordinance related to the possession of an air rifle. *Id*. at 12. He was found guilty on both charges before a district justice. *Id*. at 14. He took a summary appeal, *de novo*, from these convictions and was found not guilty in the Court of Common Pleas. *Id*. at 15.

2. Standard of Review

The standard of review for a motion to dismiss is well established. Under Rule 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party. However, recitation of the elements of a cause of action, supported by mere conclusory statements, is insufficient to establish that a claim is plausible. I may dismiss the complaint only if it is clear that no plausible claim for relief has been raised.

3. Discussion

**A. Unlawful Seizure/False Arrest claims against Officer Subers**

In Counts I and IV, Coletta asserts claims against Officer Subers for violating his Fourth Amendment right to be free from unlawful seizure or arrest. The Fourth Amendment is not "a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985) (emphasis in original). The remedy for a violation of an individual's constitutional rights by someone acting under color of state law is provided in 42 U.S.C. § 1983. In order to prevail, Coletta must show that there was a seizure and that the officer lacked probable cause to seize him.

A seizure under the Fourth Amendment occurs when taking into account all of the circumstances surrounding the encounter, the police conduct would communicate to a

reasonable person that he was not at liberty to ignore the police presence and go about his business. *Kaupp v. Texas*, 538 U.S. 626, 629 (2003). The United States Supreme Court has established numerous circumstances which constitute a seizure under the Fourth Amendment including the threatening presence of police officers, the display of a weapon by an officer, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Id*. When a police officer's words and actions would convey to a reasonable person that he was being ordered to restrict his movement the Court will find that the police made a "show of authority" which may result in a seizure and formal arrest under the Fourth Amendment. *California v. Hodari D.*, 499 U.S. 621, 628 (1991).

The circumstances here top anything on the *Hodari* list - not one police officer, but two. Not tone of voice, but arms handcuffed behind the back with cuffs that were so tight that a trip to the hospital followed. Subers was not endangered, so officer safety was not involved. Without doubt, Coletta was seized.

Turning now to Count IV: an arrest takes place when a person is placed under the custody and control of an officer of the law. Although Coletta was not formally arrested, Coletta alleges facts adequate to establish that Officer Subers arrested him.

It is well-established that the Fourth Amendment "prohibits a police officer from arresting a citizen except upon probable cause." *Rogers v. Powell*, 120 F.3d 446, 452 (3d Cir. 1997). However, it does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*,

4

407 U.S. 143, 149 (1972). Although it requires more than mere suspicion, "probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995). A commonsense approach must be taken as to the issue of probable cause, and a determination as to its existence must be based on the totality of the circumstances. *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997).

Officer Subers approached Coletta's home with his gun drawn and pointed the gun at him through the "window/door." *Am. Compl.* at 17. Coletta acknowledged that there was a gun in the house and offered to get it for Officer Subers. *Id.* at 18. At some point, the back up officer reported to Officer Subers that it was Mr. Presnell who had been firing a BB gun in the back yard. *Id.* at *Ex. F* p. 59. Despite this knowledge, Officer Subers handcuffed Coletta and threw him against the wall of his home. Using a commonsense approach and analyzing the totality of the circumstances, Officer Subers did not have probable cause to arrest Coletta, in fact, he had no cause.

The facts alleged by Coletta plainly state a claim for false arrest and unlawful seizure. *Iqbal*, 556 U.S at 678. Accordingly, Officer Subers' motion to dismiss is denied.

### B. False Arrest Claim Against Nether Providence Township

In Count IV, Coletta also raises a false arrest claim against Nether Providence Township. Coletta asserts that Nether Providence Township, acting through Township Solicitor Michael Maddren, initiated a criminal proceeding against him for "violations of

5

[a] local ordinance which restricts discharge and/or possession of firearms and air-rifles." *Am. Compl.* at 44. Coletta asserts that because he was ultimately found not guilty, Nether Providence Township "knew that probable cause was lacking to arrest and/or charge [him]." *Id.* at 45.

A municipality can be held liable for civil rights violations under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). The plaintiff must show that the action that is alleged to be unconstitutional implements or executes a policy, ordinance, regulation, or decision officially adopted by that body's officers or pursuant to a governmental custom, even though it lacks formal written approval. *Id.* However, a municipality cannot be held liable solely because it employs someone who has committed a tort, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory. *Id.* at 691.

Here, Coletta does not allege facts that would support a claim of false arrest. His arrest was over and done at his doorstep. In order to state a claim against the township, Coletta would have to allege that Officer Subers was acting pursuant to some established policy, custom, or procedure of the Township.

Instead, Coletta has alleged facts that sound more like a claim for malicious prosecution, a claim he does not make. Accordingly, I will dismiss Count IV as it relates to Nether Providence Township, but with leave to amend.

4. <u>Conclusion</u>

After consideration of the defendants' motion to dismiss and Coletta's response, I will deny the motion as to Counts I and IV against Officer Subers. Count IV against Nether Providence Township is dismissed from this cause of action without prejudice.

An appropriate order follows.